UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMANDA KNAPP,      CASE NO.:

   Plaintiff

v.      **PLAINTIFF DEMANDS A TRIAL BY JURY**

HULT INTERNATIONAL BUSINESS SCHOOL, INC.,

   Defendant.
_____/

## COMPLAINT

Plaintiff, Amanda Knapp, by and through her counsel, Derek Smith Law Group, PLLC, hereby complains of the Defendant Hult international Business School, Inc., and alleges as follows:

## NATURE OF CASE

1. This is an action for damages and other relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, as amended ("Title VII"); and the Florida Civil Rights Act of 1992, Section 760.10 *et seq.* ("FCRA"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against, sexually harassed, and retaliated against by her employer solely due to her sex and for complaining of the ongoing harassment.

## JURISDICTION AND VENUE

2. This is an action for monetary damages and all other appropriate relief as deemed by the court, pursuant to Title VII of the Civil Rights Act of 1964 and FCRA.

1

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964 and FCRA.

4. Jurisdiction of this action is also conferred upon the Court as this action involves Diversity of Citizenship under 28 U.S.C. §1332.

5. Plaintiff is a citizen of the State of Florida. Plaintiff resides in Miami Beach, Florida in the County of Miami-Dade.

6. At all times material, Defendant HULT INTERNATIONAL SCHOOL OF BUSINESS, INC. was and still is a foreign not-for-profit business corporation organized and existing by virtue of the laws of the State of Massachusetts.

7. The matter in controversy exceeds $75,000.

8. Venue is proper in this district based upon the fact that Plaintiff was employed by Defendant within Miami-Dade County, Miami. Additionally, the events took place in Miami-Dade County, Miami.

9. On or about October 19, 2018 Plaintiff dual-filed charges with the EEOC and FCHR against Defendant as set forth herein.

10. On or about April 4, 2019, the EEOC issued Plaintiff a Right to Sue Letter.

11. This action is being commenced within ninety (90) days of receipt of the EEOC Right to Sue Letter.

## PARTIES

12. At all material times, Plaintiff AMANDA KNAPP (hereinafter referred to as "Plaintiff" or "KNAPP") is an individual female who is a resident of the State of Florida and resides the Miami-Dade County.

13. At all material times, Defendant HULT INTERNATIONAL BUSINESS SCHOOL, INC. (hereinafter "Defendant" and/or "Hult") is a Foreign Massachusetts For-Profit Business Corporation authorized under the laws of the State of Florida with offices in Miami-Dade County, Florida.

14. Defendant Hult is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## STATEMENT OF FACTS

15. On or around July 17, 2018, Defendant hired Ms. Knapp as an Associate Director of Enrollment.

16. Defendant Hult informed Ms. Knapp that her job duties were to include, but were not limited to, development and execution of recruiting and marketing strategy, representing the school at various "fairs" and "meet and greets" in targeted cities, planning and booking travel trips and maintaining expense reports, managing the Defendant's Salesforce CRM system, extracting and interpreting enrollment data, and cold-calling potential students.

17. Throughout the course of her employment, Plaintiff's team consisted of George Anchundia, Ruben Diaz-Neda, Philip (last name unknown), and her supervisor James Gamito.

18. This department worked very closely together and in a separate room from the other approximately 30 employees employed by Defendant. This space was referred to as many as the "Fish Bowl" due to its design.

19. On a daily and consistent basis throughout the course of her employment, Plaintiff's coworkers made constant unwelcomed sexual jokes.

20. Throughout the course of her employment, Plaintiff's team consisted of George Anchundia, Ruben Diaz-Neda, Philip, and her supervisor James Gamito.

21. On a daily and consistent basis throughout the course of her employment, Plaintiff's coworkers made constant unwelcomed sexual jokes.

22. At all times material, Defendant's supervisors acted with deliberate indifference to the sexual harassment and hostile work environment; and retaliation thereof.

23. That as a result of That as a result of Defendants' conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

24. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

25. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered and continues to suffer severe emotional distress.

26. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

27. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendant.

28. The above are just some examples, of some of the discrimination and retaliation to which Respondents subjected Plaintiff.

29. The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

## AS A FIRST CAUSE OF ACTION FOR
## DISCRIMINATION (SEXUAL HARASSMENT) UNDER TITLE VII

30. On or around July 17, 2018, Defendant hired Ms. Knapp as an Associate Director of Enrollment.

31. Throughout the course of her employment, Plaintiff's team consisted of George Anchundia, Ruben Diaz-Neda, Philip, and her supervisor James Gamito.

32. On her first day of working for Defendant, Defendant's employees showed Plaintiff around the school, providing a tour of the space, including the office kitchen. While in the kitchen, Defendant's employees made a point of showing Plaintiff the beer, wine and liquor kept in the kitchen.

33. During her first week of employment, Defendant held two birthday celebrations for employees, during which Plaintiff was instructed to take a shot, to which Plaintiff politely refused. Aware of their upcoming travel, Plaintiff's colleagues proceeded to "joke" that she would be getting "wasted" in Beruit. Plaintiff's colleagues explained that she better get used to the culture of this European style business with Defendant.

34. On a daily and consistent basis throughout the course of her employment, Plaintiff's coworkers made constant unwelcomed sexual jokes.

35. By means of example but not meant to be an exhaustive list, on or around September 27, 2018, Plaintiff's team was set to embark on a business trip to Lebanon. In leading up to the trip and throughout the course of their trip, Philip and Ruben consistently bombarded Plaintiff with derogatory jokes, insisting that she was going to have sex with all of the Muslim men in Lebanon.

36. Despite her insisting they stop, Philip and Ruben would respond, saying that Ms. Knapp was only going to go on this trip and "fuck coworkers from other offices."

37. At all times, Ms. Knapp would insist that she was going to the trip for work and would rather focus on that objective.

38. Again and again, Philip and Ruben would insist that Ms. Knapp was there to "hook-up" at the convention despite Plaintiff insisting otherwise and reminding them all that they were there to work.

39. Ms. Knapp reported the ongoing sexual harassment to her supervisor, James and Mr. Cuervo to no avail.

40. Defendant never properly investigated Plaintiff's complaints and never took appropriate corrective action.

41. At all times material, Defendant allowed the sexually harassing and discriminatory practices to continue in the work environment.

42. From the outset of her employment, Plaintiff consistently requested that Human Resources (located in Massachusetts) provide a copy of the employee handbook, ultimately receiving no response.

43. In fact, Plaintiff's Supervisor James took part in the unlawful and inappropriate sexually harassing conduct.

44. One day prior to her thirty-day review with Defendant, Ruben and James grabbed Plaintiff's phone and proceeded to create a Tinder dating profile on her phone, wherein they pretended to be Ms. Knapp. Plaintiff immediately proceeded to delete the app upon retrieving it from their possession.

45. Plaintiff claims a continuous practice of sexual harassment and a hostile work environment and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

46. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

47. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender and sex

48. At all times relevant, Defendant, by and through its employees, intended to unlawfully discriminate against Ms. Knapp in the terms and conditions of her employment because of her sex and Defendant did unlawfully discriminate against Ms. Knapp in the terms and privileges of her employment because of her sex in violation of Title VII.

49. Ms. Knapp was subject to unwelcome, offensive and harassing sexually discriminatory conduct during her employment with Hult and this conduct was directed to and perpetuated upon Plaintiff because of her sex.

50. Hult was notified about and was otherwise aware of the sexually harassing and discriminatory conduct directed at Ms. Knapp by Defendant's employees and Hult failed to take appropriate corrective action.

51. The sexually harassing and discriminatory conduct of Ms. Knapp was sufficiently severe and pervasive so as to unreasonably interfere with Ms. Knapp's physical and/or psychological health, work performance and to create and intimidating, hostile and offensive working environment.

52. As a direct and proximate result of the Hult's knowing and willful and intentional and unlawful sexual discrimination and harassment of Ms. Knapp, Ms. Knapp has suffered and

will continue to suffer loss of earnings and other benefits of employment and emotional and physical distress.

53. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

54. Plaintiff has been damaged by the illegal conduct of Defendant.

### AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII

55. At all times relevant, Defendant's employees intended to unlawfully discriminate against Ms. Knapp in their terms and conditions of her employment in violation of Title VII because she opposed a practice made unlawful by Title VII and Hult unlawfully discriminated against Ms. Knapp because of that opposition.

56. At all times relevant, Ms. Knapp acted in good faith and with the objective and subjective belief that violations of Defendant's employees of Title VII had occurred.

57. Throughout the course of her employment, Plaintiff's team consisted of George Anchundia, Ruben Diaz-Neda, Philip, and her supervisor James Gamito.

58. On a daily and consistent basis throughout the course of her employment, Plaintiff's coworkers made constant unwelcomed sexual jokes.

59. Plaintiff regularly insisted that her colleagues stop and requested that they refrain from making any further sexualized comments.

60. Ms. Knapp reported the ongoing sexual harassment to her supervisor, James and Mr. Cuervo to no avail.

61. Defendant never properly investigated Plaintiff's complaints and never took appropriate corrective action.

62. At all times material, Defendant allowed the sexually harassing and discriminatory practices to continue in the work environment.

63. On or around August 13, 2018, Defendant's managers, Mr. Cuervo and James unexpectedly provided Plaintiff with a thirty-day review.

64. During the review, Mr. Cuervo manipulated Plaintiff's complaint, altering the facts to reprimand Plaintiff and demanding she not make any comments about Muslims.

65. Plaintiff attempted to clarify the incident to which Mr. Cuervo was referring, stating that she was not the one making comments but rather it was Ruben and Philip make the sexually explicit comments.

66. Mr. Cuervo seemingly shrugged off the correction and proceeded with the review.

67. On or around September 18, 2018, Defendant Hult wrongfully terminated Plaintiff. Defendant Hult unlawfully terminated Plaintiff in retaliation for her complaints of sexual harassment and as a result of her continued refusal to respond to the ongoing and unwelcome sexual advances made by Defendant's employees.

68. At all times relevant, the unlawful discrimination by Defendant's employees against Ms. Knapp in the terms and conditions of her employment because she opposed a practice made unlawful by Title VII which would not have occurred but for that opposition.

69. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

*70.* Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

71. all times relevant, Defendant's employees acted intentionally and with reckless disregard of Ms. Knapp's rights protected by Title VII.

72. At all material times, the employer exhibiting discriminatory conduct against Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

73. Defendant intentionally retaliated against Plaintiff by harassing her and discharging her for complaining of actions by Defendant made unlawful under the Title VII.

74. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

75. As a direct and proximate result of Defendant's intentional retaliatory conduct in violation of the Title VII, Plaintiff suffered and will continue to suffer damages including lost wages and benefits, severe emotional distress, mental anguish, suffering, loss of dignity, humiliation, embarrassment, loss of reputation, and other pecuniary and non-pecuniary losses.

76. Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under the Title VII, warranting the imposition of punitive damages in addition to compensatory damages.

## AS A THIRD CAUSE OF ACTION FOR
## DISCRIMINATION (SEXUAL HARASSMENT) UNDER STATE LAW

77. On or around July 17, 2018, Defendant hired Ms. Knapp as an Associate Director of Enrollment.

78. Throughout the course of her employment, Plaintiff's team consisted of George Anchundia, Ruben Diaz-Neda, Philip, and her supervisor James Gamito.

79. On her first day of working for Defendant, Defendant's employees showed Plaintiff around the school, providing a tour of the space, including the office kitchen. While in the kitchen, Defendant's employees made a point of showing Plaintiff the beer, wine and liquor kept in the kitchen.

80. During her first week of employment, Defendant held two birthday celebrations for employees, during which Plaintiff was instructed to take a shot, to which Plaintiff politely refused. Aware of their upcoming travel, Plaintiff's colleagues proceeded to "joke" that she would be getting "wasted" in Beruit. Plaintiff's colleagues explained that she better get used to the culture of this European style business with Defendant.

81. On a daily and consistent basis throughout the course of her employment, Plaintiff's coworkers made constant unwelcomed sexual jokes.

82. By means of example but not meant to be an exhaustive list, on or around September 27, 2018, Plaintiff's team was set to embark on a business trip to Lebanon. In leading up to the trip and throughout the course of their trip, Philip and Ruben consistently bombarded Plaintiff with derogatory jokes, insisting that she was going to have sex with all of the Muslim men in Lebanon.

83. Despite her insisting they stop, Philip and Ruben would respond, saying that Ms. Knapp was only going to go on this trip and "fuck coworkers from other offices."

84. At all times, Ms. Knapp would insist that she was going to the trip for work and would rather focus on that objective.

85. Again and again, Philip and Ruben would insist that Ms. Knapp was there to "hook-up" at the convention despite Plaintiff insisting otherwise and reminding them all that they were there to work.

86. Ms. Knapp reported the ongoing sexual harassment to her supervisor, James and Mr. Cuervo to no avail.

87. Defendant never properly investigated Plaintiff's complaints and never took appropriate corrective action.

88. At all times material, Defendant allowed the sexually harassing and discriminatory practices to continue in the work environment.

89. From the outset of her employment, Plaintiff consistently requested that Human Resources (located in Massachusetts) provide a copy of the employee handbook, ultimately receiving no response.

90. In fact, Plaintiff's Supervisor James took part in the unlawful and inappropriate sexually harassing conduct.

91. One day prior to her thirty-day review with Defendant, Ruben and James grabbed Plaintiff's phone and proceeded to create a Tinder dating profile on her phone, wherein they pretended to be Ms. Knapp. Plaintiff immediately proceeded to delete the app upon retrieving it from their possession.

92. Plaintiff claims a continuous practice of sexual harassment and a hostile work environment and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

93. At all times relevant, Defendant, by and through its employees, intended to unlawfully discriminate against Ms. Knapp in the terms and conditions of her employment because of her

sex and Defendant did unlawfully discriminate against Ms. Knapp in the terms and privileges of her employment because of her sex in violation of the FCRA

94. Ms. Knapp was subject to unwelcome, offensive and harassing sexually discriminatory conduct during her employment with Hult and this conduct was directed to and perpetuated upon Plaintiff because of her sex.

95. Hult was notified about and was otherwise aware of the sexually harassing and discriminatory conduct directed at Ms. Knapp by Defendant's employees and Hult failed to take appropriate corrective action.

96. The sexually harassing and discriminatory conduct of Ms. Knapp was sufficiently severe and pervasive so as to unreasonably interfere with Ms. Knapp's physical and/or psychological health, work performance and to create and intimidating, hostile and offensive working environment.

97. As a direct and proximate result of the Hult's knowing and willful and intentional and unlawful sexual discrimination and harassment of Ms. Knapp, Ms. Knapp has suffered and will continue to suffer loss of earnings and other benefits of employment and emotional and physical distress.

98. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under state law.

99. Plaintiff has been damaged by the illegal conduct of Defendant.

**AS A SECOND CAUSE OF ACTION FOR**
**<u>RETALIATION UNDER STATE LAW</u>**

100. At all times relevant, Defendant's employees intended to unlawfully discriminate against Ms. Knapp in their terms and conditions of her employment in violation of FCRA because she

opposed a practice made unlawful by FCRA and Hult unlawfully discriminated against Ms. Knapp because of that opposition.

101. At all times relevant, Ms. Knapp acted in good faith and with the objective and subjective belief that violations of Defendant's employees of FCRA had occurred.

102. Throughout the course of her employment, Plaintiff's team consisted of George Anchundia, Ruben Diaz-Neda, Philip, and her supervisor James Gamito.

103. On a daily and consistent basis throughout the course of her employment, Plaintiff's coworkers made constant unwelcomed sexual jokes.

104. Plaintiff regularly insisted that her colleagues stop and requested that they refrain from making any further sexualized comments.

105. Ms. Knapp reported the ongoing sexual harassment to her supervisor, James and Mr. Cuervo to no avail.

106. Defendant never properly investigated Plaintiff's complaints and never took appropriate corrective action.

107. At all times material, Defendant allowed the sexually harassing and discriminatory practices to continue in the work environment.

108. On or around August 13, 2018, Defendant's managers, Mr. Cuervo and James unexpectedly provided Plaintiff with a thirty-day review.

109. During the review, Mr. Cuervo manipulated Plaintiff's complaint, altering the facts to reprimand Plaintiff and demanding she not make any comments about Muslims.

110. Plaintiff attempted to clarify the incident to which Mr. Cuervo was referring, stating that she was not the one making comments but rather it was Ruben and Philip make the sexually explicit comments.

111. Mr. Cuervo seemingly shrugged off the correction and proceeded with the review.

112. On or around September 18, 2018, Defendant Hult wrongfully terminated Plaintiff. Defendant Hult unlawfully terminated Plaintiff in retaliation for her complaints of sexual harassment and as a result of her continued refusal to respond to the ongoing and unwelcome sexual advances made by Defendant's employees.

113. At all times relevant, the unlawful discrimination by Defendant's employees against Ms. Knapp in the terms and conditions of her employment because she opposed a practice made unlawful by FCRA which would not have occurred but for that opposition.

114. At all times relevant, Defendant's employees acted intentionally and with reckless disregard of Ms. Knapp's rights protected by FCRA.

115. At all material times, the employer exhibiting discriminatory conduct against Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

116. Defendant intentionally retaliated against Plaintiff by harassing her and discharging her for complaining of actions by Defendant made unlawful under the FCRA.

117. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under state law.

118. As a direct and proximate result of Defendant's intentional retaliatory conduct in violation of the FCRA, Plaintiff suffered and will continue to suffer damages including lost wages and benefits, severe emotional distress, mental anguish, suffering, loss of dignity, humiliation, embarrassment, loss of reputation, and other pecuniary and non-pecuniary losses.

119. Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under the FCRA, warranting the imposition of punitive damages in addition to compensatory damages.

## DEMAND FOR JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and economic damages, punitive damages, liquidated damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Miami, Florida
       July 1, 2019

                                        Respectfully submitted,

                                        DEREK SMITH LAW GROUP, PLLC
                                        *Attorneys for Plaintiff*

                                        Caroline H. Miller, Esq.
                                        Caroline@dereksmithlaw.com
                                        701 Brickell Avenue, Suite 1310
                                        Miami, FL 33131
                                        Tel: (305) 946-1884
                                        Fax: (305) 503-6741